ABBY T. MILLARD v. JANE M. TRIPP AND THE MECHANICS & MANUFACTURERS BANK.

Where a bill in equity against two defendants makes distinct charges against and seeks a distinct relief from each, and one of the defendants answers, and the bill is taken *pro confesso* against the other, the defendant who answers has no right to be heard upon the form of a decree against his co-defendant, though the Court will take care that such decree shall be framed reserving his rights unprejudiced.

IN EQUITY. The bill set forth that one Albert W. Snow purchased certain lands belonging to one Hiram Ide, at an auction sale held by the collector of taxes, for the payment of taxes assessed on said land ; and, after-

wards, said Snow endorsed upon the deed of said land, given by the collector, a transfer, not under seal, of all his right, title and interest in and to the within described estate to the plaintiff, supposing the same was a sufficient conveyance of the premises ; and, before executing a perfect conveyance, the said Snow made a general assignment of all his real estate to the Mechanics & Manufacturers Bank. The bill prayed that said Bank might be decreed to execute to the plaintiff a full and sufficient deed of the premises aforesaid. The bill also set forth that Jane M. Tripp held several mortgages upon the same land, of a date prior to that of the tax sale, charging that the mortgages were usurious, and that the said Tripp had commenced an action of trespass and ejectment at law for the said land against Hiram Ide and the plaintiff, and that, by reason of the defects in her title, the plaintiff was unable to defend against the same, and prayed that the said Tripp might be enjoined from further prosecuting said action. The bill was answered by Jane M. Tripp, but not answered by the Bank, and the cause was referred to a master to report the form of a decree *pro confesso* against said Bank. Application was now made on the part of Jane M. Tripp for leave to appear before said Master, in order that her rights might be protected in the decree.

*Bradley*, for the defendant Tripp, contended, that the rule in equity was, that where one of several defendants suffers the bill to be taken *pro confesso*, and the others successfully resist the claim altogether, the defence enures to the benefit of all, and the bill must be dismissed as to all the defendants. *Walsh* v. *Smith*, (3 Bland. 9.) *Cartigne* v. *Raymond*, (4 Leigh. 579.) *Andres* v. *Lee*, (1

Dev. & Bat. 318.) *Lingan* v. *Henderson*, (1 Bland. 236.) *Minor* v. *Stewart*, (2 Howard, 912,) and that this rule gave the defendant a right to be heard before the master.

*Manchester*, for the plaintiff, contended, that in this case the defendants were incorrectly joined, and the bill might have been demurred to for multifariousness ; that a distinct relief was sought against each, and in this re-spect the case differed from the cases cited ; that the taking the bill *pro confesso* against the bank did not af-fect any charge against the defendant Tripp, or any relief sought from her, and that, therefore, she had no right to be heard before the master upon the form of a decree against the bank.

GREENE, C. J. delivered the opinion of the Court.

There is no doubt that the transfer endorsed upon the deed from the collector of taxes to Albert W. Snow, cre-ated in the plaintiff a good equitable title to the land therein conveyed, and that she ought to have a convey-ance of the legal title from the Bank. But the other de-fendant, who holds several mortgages upon these premi-ses, and who was joined in this suit in order that an in-junction might be obtained to prevent her from proceeding at law upon these mortgages until the plaintiff's title was perfected, claims that the Court will not grant the decree against the bank except upon the condition that the plaintiff recognizes the validity of her mortgages. The answer of this defendant discloses no equities upon which she can base this claim. No fraud is alleged in the tax sale, and the mere fact that the land was purchased cheap furnishes no ground for refusing relief against the bank

or for requiring a condition in favor of the other defendant. This case does not come within the rule of the cases which have been referred to, where, in a suit against several defendants, some of whom answered, and against some of whom the bill went by default, it was held that, if the parties answering made out a case from which it appeared that no decree should be rendered against any of the defendants, the bill should be dismissed. We approve of this rule ; but in this case the plaintiff is entitled to relief against the bank. Whether the title of Jane M. Tripp under her mortgages is not paramount to that of the plaintiff, we are not called upon to decide. The tax was assessed against the owner of the land, and in such case, if the tax is not paid, the language of the statute is, that his "estate" shall be sold for its payment. Does his estate include any more than his equity of redemption ? We do not think this is a matter which should be settled in a decree against the bank ; but, inasmuch as it is open to question, we will take care that the rights of the mortgagee shall not be affected by that decree, and, therefore, will direct that the decree shall be framed, reserving the rights of Jane M. Tripp unprejudiced.